**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-00252-001-TUC-DCB (HCE) |
| Plaintiff, | **ORDER** |
| v. | |
| William Louis Loveall, | |
| Defendant. | |

On April 16, 2024, Defendant filed a Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. The Government procedurally challenges the motion because the Defendant allegedly did not make an administrative request for relief. The compassionate release statute provides that a district court can consider a defendant's request for compassionate release only after the defendant makes an administrative request and waits 30 days for a response. 18 U.S.C. § 3582(c)(1)(A). In his Reply, Defendant attaches a copy of an email he sent to the Warden on February 19, 2024, requesting that the Warden file a compassionate release motion on his behalf due to his age (69 years old) and serious deterioration in his physical and mental health. He alleges that he suffers from chronic health conditions which make him high risk for severe illness or death if he were to contact COVID-19 or Valley Fever. He also relies on his rehabilitation and suggests a release plan to reside with his elderly mother, who is 91 years old.

For purposes of this motion, the Court will assume the Defendant submitted the compassionate release request to the Warden and, therefore, exhausted his administrative remedies. The Court denies compassionate release, substantively, for the reasons explained below.

On January 24, 2022, the Court revisited. after a voluntary remand pursuant to *United States v. Aruda,* 993 F.3d 797, 802 (9th Cir. 2021), its denial on April 16, 2021, of Defendant's Motion for Compassionate Release. At that time, the Court considered essentially the same medical history and criminal history that exists today. The law of course remains the same. Now, the Defendant has served approximately six years of his approximately 13-year (160 month) sentence. The Court sentenced the Defendant on May 18, 2009, but he only began serving the federal sentence in March of 2019, consecutive, to serving a corresponding state sentence. He is 70 years old.

Defendant presents a stellar prison disciplinary record reflecting that since being in federal custody, he has "not received any incident reports of any kind." (Reply: Memo 7/8/2024 (Doc. 150-1) at 21.) His Inmate Counselor reports he is a "head orderly and is very good at his job. He has a desire to make a positive impact, as he is mentoring young inmates. He is always respectful toward staff and conducts himself in a positive manner." *Id.* In his counselor's opinion: "Mr. Loveall is making great strides to change his life and become a productive member of society." *Id.*

As it did before, the Court accepts that Defendant suffers from chronic, viral, hepatitis C, COPD (Chronic Obstructive Pulmonary Disease), Chronic Diastolic Heart Failure, essential hypertension, chronic eczema, enlarged prostate with BPH (lower urinary tract symptoms), surgery for skin cancer, and respiratory problems. Previously, during the peak of the COVID pandemic,[1] the Court concluded that his medical conditions sufficed as extraordinary and compelling reasons for granting early release. (Order (Doc. 133) at 4.) Nevertheless, the Court denied relief because it found that the Defendant posed a

---

[1] As noted between the time he filed his first Motion for Compassionate Release and the Court's review on remand under *Aruda,* the COVID vaccination became readily available. (Order (Doc. 133) at 4 n. 4.)

- 2 -

significant danger to the public and because § 3553(a) sentencing factors weigh against granting him early release.  (Orders (Docs. 108, 133)).

The Defendant is approximately three years older than he was the last time he sought compassionate release, but he presents no evidence that he has a chronic medical condition, which singularly or in combination, might be considered a terminal illness or that substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover. He meets the "at least 65 years old criteria" but fails to show he is experiencing a serious deterioration in physical or mental health because of the aging process. He has not served "at least 10 years" or 75 percent of his term of imprisonment.

The Defendant may be three years older, but his chronic medical conditions remain effectively addressed with medication. Informed by the Sentencing Commission's statements in U.S.S.G. § 1B1.13, the Court affirms its decision to deny relief because he poses a danger to the community and the § 3553(a) sentencing factors weigh against his early release.

The Defendant attempts to rewrite his criminal record, (Reply (Doc. 150), but the record cannot be changed by arguments or excuses. It remains what it was when the Court sentenced him for the instant offense.  It is, as stated by the Court when it considered Defendant's first request for compassionate relief, "replete with assaults, firearm offenses, including using a machine gun in furtherance of the instant drug trafficking offense, and escape convictions.: (Order (Doc. 133at 4.) As noted before:

> In the instant offense, he threatened his then-girlfriend with a bullet, pointed a gun at her, and subsequently fired a weapon in anger after an argument. He took aggressive actions against law enforcement, resisted arrest, and attempted to kick out the window of a police vehicle. He has had his probation revoked, possessed firearms on multiple occasions while a prohibited possessor. He escaped from jail, was caught that same day, and found to be in possession of yet another firearm.

*Id., see also* (Order (Doc. 108) at 4-6 (providing more detailed description of his criminal record). While the Defendant appears to have benefited from rehabilitation opportunities in prison, his good behavior does not address the sentencing factors reflected in 18 U.S.C.

§ 3553(a) which require the Court to consider that the nature and circumstances of the instant offense are serious. The Court imposed what it considered a reasonable sentence, including that it run consecutively not concurrently to his state prison sentence. Defendant's immediate release now after serving not even half his federal sentence would minimize the seriousness of the offense and fail to promote respect for the law. His early release would fail to provide just punishment or adequate deterrence.

As it did before, the Court considers all of the reasons for release raised by the Defendant, singularly and in combination, and affirms its prior determination. It assumes that the Defendant has exhausted administrative remedies and continues to present an extraordinary and compelling medical reason for release but denies release because the Defendant poses a serious risk to the community and Defendant is not entitled to relief under 18 U.S.C. § 3582(c)(1).

**Accordingly,**

**IT IS ORDERED** that the Defendant's Motion to Extend Time to Reply to Government's Response (Doc. 149) is GRANTED.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Sentence Reduction (Doc. 145) is DENIED.

Dated this 18th day of July, 2024.



Honorable David C. Bury
United States District Judge